IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MOISES ARELLANO,<br><br>　　　Plaintiff,<br><br><br>　　　　　　vs.<br><br><br>KIMBALL CONSTRUCTION COMPANY<br>L.L.C. and KIMBALL STRICKLAND,<br><br>　　　Defendants. | MEMORANDUM DECISION AND<br>ORDER AWARDING ATTORNEY<br>FEES<br><br><br><br>Case No. 2:06-CV-726 TS |

Plaintiff seeks an award of attorney fees.  Default Judgment in favor of Plaintiff and against both Defendants was entered on October 25, 2007.  That default judgment included attorney fees and costs.  Plaintiff then obtained a writ of garnishment (the Writ). Defendant Kimball Strickland (Strickland) filed a pro se Request for Hearing alleging the Writ was improper because he was not served with process.  The Court granted the Request for Hearing, set an evidentiary hearing, required Strickland to file a brief memorandum outlining his objections, and set a time for Plaintiff to respond.  Strickland failed to file anything in support of his position.  Plaintiff timely filed its position with its Brief in Support of Garnishment and Motion for Attorneys Fees (First Motion for Attorney Fees).

The First Motion for Attorney Fees sought fees incurred in responding to Strickland's request for an evidentiary hearing contesting the garnishment.

As noted in the Order on Hearing on Writ of Garnishment,[1] Strickland failed to appear at the evidentiary hearing and never filed anything in support of his objection to the Writ.  Plaintiff proffered its evidence that service was proper and the Court entered an Order on Hearing on Writ of Garnishment resolving the matter.

At the evidentiary hearing, Plaintiff sought additional attorney fees incurred in having his attorney attend the hearing when Strickland did not appear (Second Motion for Attorney Fees). The Court instructed Plaintiff's counsel to file a motion and affidavit in support of the additional requested attorney fees. Plaintiff's counsel has not filed the requested paperwork in support of its request for additional fees and, accordingly, the Court finds Plaintiff waives its Second Motion for Attorney Fees.  The Court will proceed with the First Motion for Attorney Fees.

Plaintiff seeks attorney fees under the Fair Labor Standards Act (FLSA) and also because it incurred attorneys fees in opposing Strickland's Request for a Hearing on the Writ.  The Court finds that no additional fees are awardable under the FLSA because the judgment entered on that claim included attorney fees related to the FLSA.  That judgment finally resolved the FLSA claim.

However, the Court further finds that attorney fees are awardable in this case due to Strickland's litigation conduct regarding the Writ.  Strickland has filed nothing in

---

[1]Docket No. 35.

opposition to the Motion for Attorney Fees.  The Court finds that the Request for a Hearing was frivolous because the hearing was set at Strickland's request, then he failed to appear or to provide any reason why he was absent.  Strickland also failed to support his position with a brief memorandum as ordered by the Court.  In contrast, Plaintiff timely filed its opposition, appeared at the hearing, and proffered that it had properly served Defendants. Based upon Strickland's failure to provide a basis for his position, either in written form or by appearing at the evidentiary hearing, the Court finds that Strickland acted in bad faith by attempting to delay the Writ without a factual basis.  The Court finds that Plaintiff incurred attorney fees in filing its opposition to the pro se Request for a Hearing.

Plaintiff requests attorney fees for three hours of attorney time incurred in investigating Strickland's claim of lack of service of process, researching the law, and filing its opposition.  Plaintiff supports this request with the affidavit of his counsel setting forth his hourly rate ($185) and the number of house worked (3.5).[2]  The Court finds the requested fees were actually incurred as result of Strickland's acts and that the fees are reasonable.

It is therefore

---

[2]Docket No. 33, Ex. 3.

ORDERED that Plaintiff's Motion for Attorney Fees (Docket No. 35) is GRANTED

and Plaintiff is awarded attorney fees in the amount of $647.50.

DATED   September 22, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

4